IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

S.C. JOHNSON & SON, INC.,

    Plaintiff,

    v.                                      Case No. 2:10-cv-00681-CNC

TRANSPORT CORPORATION OF
AMERICA, INC., ET AL.,

    Defendants.

## STEVENS TRANSPORT, INC.'S
## MOTION TO DISMISS THE AMENDED COMPLAINT

### ORAL ARGUMENT REQUESTED

Pursuant to Fed. R. Civ. P. 12(b)(6), Stevens Transport, Inc. ("Stevens Transport") respectfully requests that the Court dismiss the Amended Complaint filed by S.C. Johnson & Son, Inc. ("SC Johnson") in its entirety, with prejudice, because it fails to state any legally cognizable claim. As set forth in more detail in the accompanying memorandum filed with this motion, the grounds for this motion are as follows:

1.        Stevens Transport is a trucking company that provided shipping services for SC Johnson until 2005. (Dkt. No. 66 ("Am. Compl.") ¶¶ 11, 54, 55.) Years after that relationship ended, SC Johnson alleges that it paid Stevens Transport above-market transportation rates and received unnecessary services from Stevens Transport. This Court dismissed all five of SC Johnson's claims in its original complaint because they were preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") and also held that Count V (aiding and abetting breach of fiduciary duty) was time barred. (Dkt. No. 49 at 15, 17.)

2. The Seventh Circuit Court of Appeals affirmed in part and reversed in part. *S.C. Johnson & Son, Inc. v. Transport Corp. of Am., Inc.*, 697 F.3d 544, 561 (7th Cir. 2012). It affirmed dismissal on the basis of FAAAA preemption with respect to SC Johnson's claims sounding in fraud. *Id.* It reversed, however, with respect to SC Johnson's claim for conspiracy to commit commercial bribery and its claim under the Wisconsin Organized Crime Control Act ("WOCCA") and remanded the case to this Court for further proceedings. *Id.*

3. On December 31, 2012, SC Johnson filed its Amended Complaint, which removed the time-barred claim and the claims that the Seventh Circuit upheld as preempted, and added new allegations. (Dkt. No. 66.) Specifically, SC Johnson's Amended Complaint asserts two causes of action: racketeering under the Wisconsin Organized Crime Control Act ("WOCCA") and civil conspiracy to violate Wisconsin's criminal commercial bribery statute.

4. SC Johnson's WOCCA claim bears several basic deficiencies, each of which independently require dismissal. Specifically, the claim fails to allege a pattern of racketeering activity suggestive of a threat of future racketeering activity, attempts to conflate the WOCCA "enterprise" with the WOCCA "victim," and relies on predicate acts that are variously facially inapplicable, preempted, and under-pled under both the basic notice pleading standards and the heightened pleading standards of Rule 9(b).

5. With regard to its claim of conspiracy to commit commercial bribery, SC Johnson fails to make allegations that plausibly suggest such an entitlement to relief. SC Johnson rests its case for bribery on factual allegations that are entirely consistent with lawful business conduct and on conclusory allegations that are not entitled to a presumption of truth. Even if such allegations were sufficient (which they are not), SC Johnson's claim must be dismissed because

Wisconsin's criminal bribery statute is not civilly actionable and it does not properly allege the existence of a conspiracy.

WHEREFORE, Stevens Transport respectfully requests that the Court grants its motion and dismiss SC Johnson's Amended Complaint in its entirety, with prejudice, as it does not state any claim upon which relief can be granted.

Dated: January 21, 2013							Respectfully submitted,

/s/ James A. White
Daniel E. Reidy
IL Bar # 2306948
  dereidy@jonesday.com
James A. White
IL Bar # 6190225
  jawhite@jonesday.com
Tara A. Fumerton
IL Bar # 6279108
  tfumerton@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

Kenneth Ross
  kross@colemanlawfirm.com
Sean Crotty
  scrotty@colemanlawfirm.com
THE COLEMAN LAW FIRM
77 West Wacker
Chicago, IL  60601-1692
Telephone:  (312) 444-1000
Facsimile:  (312) 444-1028

Jeffrey Rasansky
  jrasansky@jrlawfirm.com
THE RASANSKY LAW FIRM
2525 McKinnon, Suite 625
Dallas, TX 75201
Telephone:  214.651.6100
Facsimile:  214.651.6150

*Attorneys for Defendant Stevens Transport, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their email address on file with the Court:

Mark A. Cameli
  mcameli@reinhartlaw.com
Sarah A. Huck
  shuck@reinhartlaw.com
Rebecca F. Kennedy
  rkennedy@reinhartlaw.com
REINHART BOERNER VAN DEUREN S.C.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: (414) 298-1000
Facsimile: (414) 298-8097

Jeffrey Willian
  jeffrey.willian@kirkland.com
Donna M. Welch
Sarah J. Donnell
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-22000

*Attorneys for S.C. Johnson & Son, Inc.*

Edward B. Magarian
  magarian.edward@dorsey.com
Katie Pfeifer
  pfeifer.katie@dorsey.com
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Transport Corporation of America, Inc.*

I further certify that on January 21, 2013, I caused one copy of the foregoing to be served by U.S. Mail on the following:

Graham Kent Pharr
14 Glenbrook Drive
Prospect Heights, IL 60070

*Pro se*

Dated: January 21, 2013      /s/ James A. White
                                  James A. White